IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 07-0212 WHA |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION** |
| JOSE ISMAEL SERRANO, | |
| Defendant. | |

**INTRODUCTION**

*Pro se* defendant moves to reduce his sentence pursuant to 18 U.S.C. 3582(c)(2), in light of a retroactive crack cocaine amendment to the sentencing guidelines. Defendant requests a reduction of his sentence to 36 months. The government opposes any reduction. For the reasons stated below, defendant's motion to reduce his sentence is **DENIED**.

**STATEMENT**

In July 2007, defendant Jose Ismael Serrano was convicted of possession with intent to distribute crack cocaine in violation of 21 U.S.C. 841(a)(1), 841(b)(1)(C), and 851. In November, he was sentenced to 204 months of incarceration based on his status as a career offender. In 2009, defendant moved *pro se* to reduce his sentence pursuant to 18 U.S.C. 3582(c)(2) based on new sentencing guidelines for crack cocaine offenses. Counsel was appointed to represent defendant in connection with his motion for sentence reduction. Defense counsel conceded that defendant was ineligible for a sentence reduction because he was sentenced as a career offender (Dkt. No. 158). Defendant's motion was denied (Dkt. No. 159).

In April 2013, proceeding *pro se*, defendant filed the instant motion to reduce his sentence pursuant to 18 U.S.C. 3582(c)(2) on the basis of the same amended sentencing guidelines for cocaine offenses as his prior motion. For the reasons stated below, the motion is **DENIED**.

## ANALYSIS

Defendant contends that his sentence should be reduced because the sentencing guidelines reduce his base offense level and because post-sentencing rehabilitation should be a factor to reduce his sentence. Neither of these arguments is persuasive.

*First*, defendant contends that the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), and the subsequent amendments to the sentencing guidelines provide for a reduced sentence. Specifically, defendant contends Amendment 750 to the sentencing guidelines provides for a reduction of his sentence (Br. 4). Defendant correctly notes that the Act and the subsequent amendments to the sentencing guidelines apply retroactively under *Dorsey v. United States*, 132 S. Ct. 2321, 2335 (2012). The Act, and specifically Amendment 750, however, do not apply to individuals sentenced as career offenders. U.S. Sentencing Guidelines Manual app. C, vol. III at 394 (2012); *United States v. Pleasant*, 704 F.3d 808, 810 (9th Cir. 2013); *United States v. Wesson*, 583 F.3d 728, 729 (9th Cir. 2009). Because defendant was sentenced as a career offender, he is ineligible for a sentence reduction under the amendments to the sentencing guidelines.

Defendant appears to contend that the drug weight guidelines apply rather than the career offender guidelines. Career offender guidelines apply when the guidelines result in a higher offense level than the drug weight level. U.S. Sentencing Guidelines Manual § 4B1.1(b) (2012); *United States v. Williams*, 694 F.3d 917, 918 (7th Cir. 2012); *United States v. Washington*, 618 F.3d 869, 870–71 & n.7 (8th Cir. 2010). Defendant was sentenced as a career offender with an offense level of 34; his drug weight level was 22. At the time of sentencing, his career offender level was higher than his drug weight level. Regardless of any amendment that lowers the applicable drug weight offense level, his career offender level would remain higher than his drug weight level. In other words, both before and after the amendments, defendant's career offender

2

level is the appropriate guideline, and his current sentence stands regardless of any amendment to the drug weight level.

*Second*, defendant contends that sentencing courts may incorporate post-sentencing rehabilitation to amend a sentence, but defendant's authority does not apply here.  In *Pepper v. United States*, 131 S. Ct. 1229, 1241 (2011), the Supreme Court allowed sentencing courts to incorporate post-sentencing rehabilitation when the original sentence was set aside on appeal. Defendant's sentence has not been set aside on appeal, and thus *Pepper* is inapposite.  Defendant cites no authority that the sentencing court may modify a sentence based on post-sentence rehabilitation when the original sentence is still valid.

## CONCLUSION

For the reasons stated above, defendant's motion to reduce his sentence is **DENIED**.

**IT IS SO ORDERED.**

Dated:  April 30, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3